1

KARTHIK K. MURTHY – State Bar No. 343,960
K@MurthyPatentLaw.com

2

MURTHY PATENT LAW INC.
3984 WASHINGTON BLVD. #324

3

FREMONT, CA 94538

4

Telephone: (425) 968-5342
Facsimile: (425) 215-0247

5

6

Attorneys for Plaintiff

Safety Direct LLC

7

**UNITED STATES DISTRICT COURT**

8

**NORTHERN DISTRICT OF CALIFORNIA**

9

10

SAFETY DIRECT LLC, A NEW YORK
COMPANY,

Case No:

11

Plaintiff,

**COMPLAINT FOR PATENT
INFRINGEMENT**

12

13

v.

**JURY TRIAL DEMANDED**

14

TESLA MOTORS, INC., A DELAWARE
CORPORATION

15

16

Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page

COMPLAINT FOR PATENT INFRINGEMENT ................................................................. 3

PARTIES............................................................................................................................... 3

JURISDICTION.................................................................................................................... 3

VENUE ................................................................................................................................. 4

THE ASSERTED PATENT.................................................................................................. 5

DEFENDANT'S INFRINGING USE .................................................................................. 8

MARKING............................................................................................................................ 9

FIRST CLAIM FOR RELIEF.............................................................................................. 9

(Infringement of the '292 Patent)........................................................................................ 9

PRAYER FOR RELIEF..................................................................................................... 11

DEMAND FOR JURY TRIAL.......................................................................................... 11

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Safety Direct LLC ("Plaintiff"), for its complaint against Defendant TESLA MOTORS, INC. ("Tesla"), hereby demands a jury trial and alleges as follows:

## NATURE OF ACTION

1.    This is an action for patent infringement of United States Patent No. 10,115,292 ("the '292 Patent") (the "Patent-in-suit"), arising under the patent laws of the United States of America, Title 35 of the United States Code, and seeking damages and other relief under 35 U.S.C. § 271, *et seq.*

## PARTIES

2.    Plaintiff is a New York based company, and has a regular and established place of business at 718 east 7th street, Brooklyn, New York 11218.

3.    The inventor, Richard Abramson, assigned ownership of the patent to Plaintiff on June 20, 2023.  The signed assignment contract is attached as Exhibit 1.  The notice of recordation of assignment is attached as Exhibit 2.

4.    Defendant Tesla is a corporation organized and existing under the laws of the state of California, with its principal place of business at 3500 Deer Creek Road, Palo Alto, California 94304. Evidence of the address is attached as Exhibit 3 and Exhibit 4.

5.    On information and belief, there may be other corporate affiliates of Tesla who participated in the infringing acts complained of herein.  The identities of such affiliates are currently unknown, because publicly available information does not permit the identification of each affiliate who participated in the infringing acts.  Plaintiff expects the identities of such affiliates to be revealed in discovery.  Plaintiff reserves the right to amend this Complaint to name such affiliates, if necessary, once they have been revealed.

## JURISDICTION

6.    This is an action for infringement of claims of U.S. Patent No. 10,115,292, entitled "System and Method for automatic loss prevention of mobile communication devices", which was duly issued by the United States Patent and Trademark Office on October 30, 2018 ("the '292 patent").  A true and accurate copy of the '292 patent is attached as Exhibit 5 to this Complaint.

7.      This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§1331 and 1338(a), because the claims arise under the patent laws of the United States, 35 U.S.C. §§1, *et seq.*

8.      This court has personal jurisdiction over Tesla because Tesla resides in California. Tesla resides in California because: (i) its principal place of business is in California, at 3500 Deer Creek Road, Palo Alto, California 94304.

9.      This Court also has specific personal jurisdiction over Tesla because, on information and belief, Tesla has directly infringed the Asserted Claims by using the Accused Instrumentalities (as defined below) within California, including within this judicial district. On information and belief, Tesla has used the Accused Instrumentalities to provide data and services to individuals and businesses within California, and within this judicial district. For the reasons set forth below, such use directly infringes the Asserted Claims. Thus, Tesla is subject to specific personal jurisdiction in this district, because it has committed acts of infringement in California, and because Plaintiff's claims arise out of such infringement.

## **VENUE**

10.     Venue is proper over the Defendant in this judicial district under 28 U.S.C. §§1391 and/or 1400(b), for at least the following reasons:

11.     Venue is proper over Tesla because Tesla resides in this district, because Tesla's principal place of business is located in this district, at 3500 Deer Creek Road, Palo Alto, California 94304.  See 28 U.S.C. § 1400(b).

12.     Venue is also proper over Tesla because: (i) Tesla has regular and established places of business in this district, including its principal place of business at 3500 Deer Creek Road, Palo Alto, California 94304; and (ii) on information and belief, Tesla has committed direct infringement in this district, including by using Accused Instrumentalities in connection with its provision of services to customers in this district, and/or by using Accused Instrumentalities directly within this district.

13.     Thus, venue is proper over Tesla under 28 U.S.C. § 1400(b), because Tesla resides in this district, has committed acts of infringement in this district, and has regular and established places of business in this district.

**INTRADISTRICT ASSIGNMENT**

14.     This case is a patent infringement dispute that is appropriate for district-wide assignment. Assignment to the San Jose Division is appropriate because a substantial part of the events that gave rise to the claims asserted in this Complaint occurred in Santa Clara County.

**THE ASSERTED PATENT**

15.     Richard Abramson is the sole named inventor of the '292 patent.

16.     On May 19, 2016, Richard Abramson filed with the United States Patent and Trademark Office ("USPTO") Provisional Patent Application no. 62/338,575 (the '575 application) directed to his inventions.  On April 24, 2017 Plaintiff filed with the USPTO a non-provisional patent application, U.S. Patent Application No. 15/494,548 (the '548 application), claiming priority to the '575 application.  On October 30, 2018, the USPTO issued the '292 patent from the '575 application.  The '292 patent is entitled "System and Method for automatic loss prevention of mobile communication devices".

17.     The '292 patent is valid and enforceable.  The '292 patent claims patent-eligible matter.

18.     "[T]he prior art of record fails to disclose, teach, or suggest 'the ALPAS configured to have the option to turn on a "sync to activate" option; if the ALPAT is taken more than the user defined distance away from the mobile device, and then returns to within the user defined distance from the mobile device, the ALPAS is configured to reactivate if the "sync-to-activate" option is turned on in the ALPAS'".  This is from the July 18, 2018 "Notice of Allowance and Fees Due (PTOL-85)", pdf page 7, in the prosecution of the '292 patent, and can be found here:

https://patentcenter.uspto.gov/applications/15494548/ifw/docs

19.     The July 18, 2018 "Notice of Allowance and Fees Due (PTOL-85)" is attached as Exhibit 6 to the Complaint.

20.     The patentee and the U.S. patent and trademark office reviewed the prior art regarding a system and method for automatic loss prevention of mobile communication devices.  The U.S.

patent and trademark office found the quoted section above (paragraph 20) to not be disclosed in the prior art, and so that section discloses the inventive concept of the '292 patent.

21.    Tesla has actual knowledge of the '292 patent at least as of August 14, 2023 when 2 emails regarding this patent were sent to elough@tesla.com and trilee@tesla.com.

22.    A copy of these August 14, 2023 emails are attached as Exhibit 7 and Exhibit 8 to this Complaint.

23.    A copy of an August 16, 2023 email is attached as Exhibit 9 to this Complaint.

24.    The entire right, title, and interest in and to the '292 patent, including all rights to past damages, is assigned to Safety Direct LLC.

25.    The asserted claims of the '292 patent are systems and method claims.  One of these is claim 1, an independent system claim.  Claim 1 is reproduced below, with parenthetical annotations to identify the different elements of the claim:

A system for the automatic prevention of the loss of mobile communication devices by an owner, the system comprising:

a mobile device that includes a processor and memory;

Automatic Loss Prevention Alert Software ("ALPAS") installed on

the mobile device; a device which functions as an Automatic Loss

Prevention Alert Trigger ("ALPAT");

an owner-defined distance after which alarms will activate on either the mobile device, the ALPAT or  both;

the ALPAS having the ability to detect when the ALPAT has moved away from the mobile device at the owner-defined distance;

the ALPAS having the ability to activate an alarm that will flash the screen of the mobile device brightly on and off and play a pre-recorded audio message repeatedly;

the ALPAT having the ability to play audio at a fixed decibel;

wherein the mobile device can potentially be any computing device, including a smartphone, a tablet or a wearable electronic device;

wherein only the owner of the mobile device can deactivate the alert by utilizing a unique

6
COMPLAINT

password, or fingerprint, or other electronic id that is unique to the owner;

wherein the ALPAT can be a stand-alone small device, or can be an app on a wearable

device; wherein the audio played in the event of an alarm on either the mobile device

with the ALPAS or the ALPAT can be customized by the owner;

the ALPAS configured to have the option to enter an "at home safe

zone" mode; the ALPAS configured to have the option to turn on a

"sync to activate" option;

in the "at home safe zone" mode, the ALPAS is configured to deactivate so that if the ALPAT is more than the owner-defined distance away from the mobile device with ALPAS, then ALPAS will not initiate an alarm;

if the ALPAT is taken more than the owner-defined distance away from the mobile device, and then returns to within the owner-defined distance from the mobile device, the ALPAS is configured to reactivate if the "sync-to-activate" option is turned on in the ALPAS.

26.    The last section (the last 4 lines) of claim 1 discloses the inventive concept of the '292 patent.

27.    The asserted claims of the '292 patent are systems and method claims.  One of these is claim 6, an independent method claim.  Claim 6 is reproduced below, with parenthetical annotations to identify the different elements of the claim:

A method for the automatic prevention of the loss of mobile communication devices by an owner, the method comprising:

installing Automatic Loss Prevention Alert Software ("ALPAS") on a mobile device that includes a processor and memory;

the ALPAS communicating with a device which functions as an Automatic Loss Prevention Alert Trigger ("ALPAT");

the ALPAS constantly analyzing whether the ALPAT has moved away from the mobile device at an owner-defined distance;

the ALPAS having the ability to activate an alarm that will flash the screen of the mobile device brightly on and off and play a pre-recorded audio message repeatedly; the ALPAS activating the alarm on either the mobile device, the ALPAT or both, if the ALPAS detects that the ALPAT has moved away from the mobile device at an owner-defined distance; the ALPAT having the ability to play audio at a fixed decibel; wherein the mobile device can potentially be any computing device, including a smartphone, a tablet or a wearable electronic device; wherein only the owner of the mobile device can deactivate the alert by utilizing a unique password, or fingerprint, or other electronic id that is unique to the owner; wherein the ALPAT can be a stand-alone small device, or can be an app on a wearable device; wherein the audio played in the event of an alarm on either the mobile device with the ALPAS or the ALPAT can be customized by the owner; the ALPAS having the option to enter an "at home safe zone" mode; the ALPAS having the option to turn on a "sync to activate" option; in the "at home safe zone" mode, the ALPAS deactivating so that if the ALPAT is more than the owner-defined distance away from the mobile device with ALPAS, then ALPAS will not initiate an alarm; if the ALPAT is taken more than the owner-defined distance away from the mobile device, and then returns to within the owner-defined distance from the mobile device, the ALPAS reactivating if the "sync-to-activate" option is turned on in the ALPAS.

28.   The last section (the last 3 lines) of claim 6 discloses the inventive concept of the '292 patent.

### DEFENDANT'S INFRINGING USE

29.   On information and belief, Tesla and/or their affiliates, have directly infringed each Asserted Claim of the '292 patent, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of

the Tesla keyfob, Tesla cars and other products depicted on Defendant's websites and sold on third party websites ("the Accused Products") within the United States, all without authorization or license from Plaintiff within the United States, less than six years before the filing of this Complaint, and prior to the April 24, 2037 expiration date of the '292 patent (the "Relevant Time Period").

**MARKING**

30.     Plaintiff has never made, sold, used, offered to sell, or imported into the United States any article that practices any claim of the '292 Patent. Plaintiff has never sold, commercially performed, or offered to commercially perform any service that practices any claim of the '292 Patent.

31.     Plaintiff had never authorized, licensed, or in any way permitted any third party to practice any claim of the '292 Patent prior to March 6, 2023.

32.     Because Plaintiff has never directly marketed any product or service that practices any of the claimed inventions of the '292 Patent, and no third party was authorized to practice any claimed inventions of the '292 patent prior to March 6, 2023, 35 U.S.C. § 287(a) cannot prevent or otherwise limit Plaintiff's entitlement to damages for acts of infringement.

**FIRST CLAIM FOR RELIEF**

**(Infringement of the '292 Patent)**

33.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-32 above as if fully set forth herein and further alleges:

34.     Tesla has committed direct infringement of each Asserted Claim of the '292 patent, in violation of 35 U.S.C. § 271(a), by performing all the steps of each Asserted Claim in the U.S., during the Relevant Time Period.

35.     Defendant has infringed and continue to infringe one or more of the claims of the '292 Patent by making, using, selling and offering to sell, and by inducing and contributing to

others' infringement through their sales, offers for sale, and use of the Accused Products, all without authorization or license from Plaintiff.  A chart providing exemplary evidence of infringement of the '292 patent is attached to this Complaint as Exhibit 10 to this Complaint.

36.     On information and belief, Plaintiff alleges Defendant has been, and is currently, infringing the '292 patent in violation of 35 U.S.C. § 271.  Defendant's acts of infringement include direct infringement and infringement under the Doctrine of Equivalents.

37.     Defendant has continued their infringement despite having notice of the '292 Patent. Defendant has committed and is committing willful and deliberate patent infringement. On information and belief Plaintiff alleges Defendant's acts of willful and deliberate infringement will continue after service of this Complaint, rendering this case appropriate for treble damages under 35 U.S.C. §284 and making this an exceptional case under 35 U.S.C. §285.

38.     Defendant has indirectly infringed and continues to infringe at least claims 1 and 6 of the '292 patent by inducement under 35 U.S.C. 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claims 1 and 6 of the '292 patent.

39.     Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., www.Tesla.com) and/or providing customers with instructions and/or manuals for using the Accused Products. Likewise, Defendant knowingly induced retailers to market and sell the Accused Products.

40.     On information and belief, Defendant has contributed to the infringement of at least claims 1 and 6 of the '292 patent by the use and/or importation of the Accused Products in violation of 35 U.S.C. § 271(c).

41.     Plaintiff is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of their infringement of the '292 Patent.

42.     Defendant's acts of infringement are and have been without Plaintiff's permission, consent, authorization or license.  Defendant's acts of infringement have caused and continue to cause damage to Plaintiff.  Plaintiff is entitled to recover from Defendant the damages

sustained by Plaintiff as a result of Defendant's wrongful acts, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

43.     As a direct and proximate result of Defendant's infringement of the '292 Patent, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff's monetary damages include, without limitation, lost profits, or at a minimum, the right to recover a reasonable royalty. Furthermore, unless Defendant is enjoined by this Court from continuing its infringement of the '292 Patent, Plaintiff has, and will suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against each Defendant as follows:

A.     That each Defendant has infringed and is infringing the '292 Patent;

B.     That such infringement is willful;

C.     That defendant be ordered to pay Plaintiff damages caused by said Defendant's infringement of the '292 Patent and that such damages be trebled in accord with 35 U.S.C. § 284, together with interest thereon;

D.     That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff be awarded reasonable attorney's fees and costs; and

E.     That Plaintiff shall have such other and further relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, Richard Abramson, hereby demands a jury trial on *all* of his claims, causes of action and issues that are triable by jury.

Dated:  September 5, 2023                    **MURTHY PATENT LAW INC.**


By:  /s/ Karthik K. Murthy
Karthik K. Murthy

11
COMPLAINT

1

2

K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 WASHINGTON BLVD. #324
FREMONT, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*
SAFETY DIRECT LLC

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT